```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

JPMorgan Chase Bank, National
Association and Orlans PC

    v.                                                Case No. 19-cv-132-JL

Grecia J. Morel Brito and
Ben Carson, Secretary of
Housing and Urban Development

## REPORT AND RECOMMENDATION

The plaintiffs initiated this interpleader action by filing a complaint on February 6, 2019. (Doc. No. 1). On May 30, 2019, plaintiffs' counsel filed returns of service as to each defendant. (Doc. Nos. 3, 4, and 5). Because there were questions regarding whether the defendants were properly served, the clerk of court issued a Notice Regarding Service on June 21, 2019. (Doc. No. 6). The clerk directed plaintiff's counsel to file, within fourteen (14) days, an affidavit of service providing a legal and factual basis to establish proper service. Id. Plaintiffs' counsel did not respond to that directive.

In a subsequent order dated January 2, 2020, the undersigned sua sponte identified legal defects in the manner in which the plaintiffs attempted to serve the defendants. (Doc. No. 7). The undersigned directed the plaintiffs either to request additional time to serve the defendants or to provide an affidavit demonstrating that the defendants were properly and timely served. Id. at 4-5.

On January 17, 2020, plaintiffs filed a "Motion to Extend Time for Performance" requesting that the court "extend the tracking order with regard to service on Defendant Grecia J. Morel Brito for an additional sixty (60) days in order to continue settlement negotiation with the Defendants." (Doc. No. 8 at 1). The court granted this motion by endorsed order dated February 3, 2020. At the expiration of the sixty (60) day period, the plaintiffs again took no action and made no attempt to establish proper service of process or to request new summonses for service.

Thus, in a final effort to allow the plaintiffs to pursue this action, the undersigned again sua sponte afforded the plaintiffs the opportunity to either request additional time to serve the defendants or to provide an affidavit demonstrating that the defendants were properly and timely served. (Doc. No. 9). That order, which was dated April 3, 2020, gave the plaintiffs fourteen (14) days to respond. Id. at 2. Finally, that order warned that the failure to comply with it "shall result in the undersigned issuing a report and recommendation to dismiss this action without prejudice for failure to prosecute." (Doc. No. 9 at 2). Once again, the plaintiffs have not responded to that order.

Pursuant to Fed. R. Civ. P. 4(m), absent good cause, a court may dismiss an action as to any defendant not properly

2

served. In addition, "[a] district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b), including failure of the plaintiff to comply with any order of the court." Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007). The undersigned, mindful of "the strong presumption in favor of deciding cases on the merits," García-Pérez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010), considers the totality of the circumstances in determining whether dismissal is appropriate. See Díaz-Santos v. Dep't of Educ., 108 F. App'x 638, 640 (1st Cir. 2004).

As explained in greater detail in the order dated January 2, 2020 (Doc. No. 7), there is no basis for the undersigned to find that either defendant has been properly served.  Over fifteen (15) months have passed since the initiation of this case and the court has given the plaintiffs four opportunities to cure service or to establish that service was proper.  The plaintiffs were informed by the court that noncompliance with its last order would result in a recommendation of dismissal of the action. (Doc. No. 9 at 2). Given the plaintiffs' repeated noncompliance with this court's service orders, the undersigned finds it appropriate to recommend that the district judge

dismiss the action without prejudice for failure to prosecute.[1]

Any objections to this report and recommendation must be filed within fourteen (14) days of being served with this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

The deputy clerk is directed to mail a courtesy copy of this report and recommendation to the Office of the United States Attorney for the District of New Hampshire and to Attorney Maria C. Rogers, Law Office of Maria C. Rogers, PLLC, 350 Main Street, Suite 7, Haverhill, Massachusetts 01830.

SO ORDERED.

/s/ Daniel J. Lynch
Daniel J. Lynch
United States Magistrate Judge

Date: May 15, 2020

cc:  Jamie Marie Welch, Esq.

---

[1] The undersigned declines to recommend dismissal with prejudice. See Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003)(noting the factors a court should consider when determining whether dismissal with prejudice for failure to prosecute is appropriate).